CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 1 2019
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

Raj S. Pruthi, M.D.,

    *Plaintiff*,

v.

Primland, Ltd.,

    *Defendant*.

Civil Action No.: 4:19CV00030

JURY TRIAL DEMANDED

## COMPLAINT

1. Plaintiff Raj S. Pruthi, M.D. ("Dr. Pruthi") brings this action against Defendant Primland Ltd. ("Primland") seeking monetary relief arising out of the June 26, 2017 incident at Primland's hotel in Patrick County, Virginia.

### I. Parties

2. At all times relevant hereto, Plaintiff Raj J. Pruthi, M.D. was a citizen of North Carolina, and resided in Durham, North Carolina.

3. Dr. Pruthi is a Professor and Chair of the Department of Urology at the University of North Carolina at Chapel Hill.

4. Defendant Primland is a Virginia corporation with its principal place of business at 2000 Busted Rock Road, Meadows of Dan, Virginia 24120.

5. At all times relevant hereto, Primland was acting through its employees, agents, and assigns.

6. At all times relevant hereto, Primland is vicariously liable for the actions and omissions of its employees, agents, and assigns.

## II. Jurisdiction and Venue

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

8. Dr. Pruthi is a citizen of the State of North Carolina.

9. Primland is a citizen of the Commonwealth of Virginia.

10. There is complete diversity between the parties.

11. The amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs.

12. This Court has personal jurisdiction over Defendant as it has at least minimum contacts with the Commonwealth of Virginia.

13. Venue is proper in this judicial district under 28 U.S.C. § 1391 because, at all times material hereto, a substantial part of the events or omissions giving rise to this suit occurred in this judicial district.

## III. Facts

14. At all times relevant hereto, Primland owned, operated, and managed a luxury hotel located at 200 Busted Rock Road, Meadows of Dan, Virginia 24120 (the "Hotel") located in Patrick County, Virginia.

15. Primland makes available to its Hotel guests various activities, which are advertised on the Hotel's website. Primland advertises guided tours of the Hotel property on Recreational Terrain Vehicles ("RTVs"), an activity Primland refers to as "RTV Trail Riding." Primland's website provides guests with the Hotel's telephone number to contact one of the Hotel's reservation specialists to arrange for a RTV Trail Ride.

16. On or about June 26, 2017, Dr. Pruthi was a guest at Primland's Hotel.

17. Prior to arriving at Primland's Hotel, Dr. Pruthi arranged for accommodations at for himself and his family. In connection with his family's stay, Dr. Pruthi also arranged for a RTV Trail Ride for himself and his family on the afternoon of June 26, 2017.

### A. Primland's RTVs

18. Primland owned and operated the RTVs used on its RTV Trail Rides. Specifically, Primland purchased a 2017 POLARIS Ranger 500, VIN No. 3NSRMA500HE892939. Primland referred to this vehicle as "RTV #279" or "Unit #279."

19. Primland' employees and/or agents conducted the maintenance on its RTVs. Primland employs Marty Collins as the Equipment Maintenance Supervisor. Collins is responsible for the inspection and maintenance of Primland's RTVs.

20. Primland conducts maintenance on its RTVs after the first 50 hours of engine operation, and then every 100 hours of engine operation thereafter. This maintenance includes, but is not limited to: checking tire pressure and wear; checking the lights; checking the seat belts and safety nets; checking the brakes; checking the fluids; as well as making any necessary repairs.

21. Primland conducted maintenance on RTV #279 on April 14, May 15, and May 18, 2017. Prior to June 26, 2017, Primland did not conduct maintenance on RTV #279 during the month of June 2017.

22. Primland did not inspect the brake fluid, brake pads, or brake system on RTV #279 on June 26, 2017 prior to providing it to Dr. Pruthi.

### B. Dr. Pruthi's RTV Trail Ride

23. At the pre-arranged time, Dr. Pruthi was shown by Primland employees to a room at Primland's Hotel. In this room, a Primland employee provided Dr. Pruthi with a helmet. Dr.

Pruthi was not given any instruction at this time.

24. A Primland employee showed Dr. Pruthi and his family outside to a row of seven RTVs.

25. A Primland employee occupied the first RTV in line.

26. Primland provided Dr. Pruthi's two oldest children with the second RTV in line.

27. Primland provided Dr. Pruthi and his youngest son with the third RTV in line, which was RTV #279.

28. Primland provided Dr. Pruthi's wife with the fourth RTV in line.

29. Another Primland employee occupied the last (seventh) RTV in line.

30. A Primland employee visited each passenger's RTV and showed how to turn the RTV off and on and how to operate the gas pedal and the brake pedal.

31. Primland employees then guided Dr. Pruthi, his family members, and the other passengers, on a tour of Primland's property on the RTVs.

32. After approximately two hours, Primland employees guided Dr. Pruthi to the top of a mountain.

33. As the RTVs began to descend the mountain, Dr. Pruthi attempted to decrease the speed of the RTV by engaging the brake pedal.

34. Dr. Pruthi depressed the brake pedal.

35. The brake pedal depressed completely to the floor.

36. Dr. Pruthi visually confirmed that he was, in fact, depressing the brake pedal.

37. The brake did not activate.

38. The RTV did not decrease speed.

39. The RTV containing Dr. Pruthi picked up speed as it descended the mountain.

40. The RTV approached speeds of 30 miles per hour.

41. The RTV flipped with great force and violence.

42. The RTV landed on the driver's side.

43. Dr. Pruthi suffered severe injuries as a result of this collision, including:

    a. An open fracture of the left elbow;

    b. Two fractured ribs on the left side;

    c. Three fractured fingers on the right hand; and

    d. Several lacerations and abrasions.

44. Dr. Pruthi required a hospitalization and surgery to treat these injuries.

45. Dr. Pruthi was unable to work for approximately three months due to these injuries.

46. Dr. Pruthi continues to suffer from stiffness in the fingers and elbow that were fractured in the collision, which has affected and continues to affect his abilities as a surgeon.

### IV. Causes of Action

### COUNT ONE
**Common Law Negligence**
*Defendant Primland, Ltd.*

47. The preceding paragraphs are hereby incorporated as if fully set forth herein.

48. At all times relevant hereto, Primland owed Dr. Pruthi numerous duties, including but not limited to:

    a. The duty to operate the guided RTV Trail Rides with reasonable care and due regard for others;

    b. The duty to operate the guided RTV Trail Rides in a safe manner;

    c. The duty to properly maintain the RTVs;

    d. The duty to maintain the RTVs according to manufacturer's

28581/1/8882324v1

recommendations;

  e. The duty to conduct regular maintenance on the RTVs;

  f. The duty to routinely inspect the brake fluid level/amount on the RTVs;

  g. The duty to routinely inspect the brake system on the RTVs;

  h. The duty to inspect RTV brake fluid level/amount before each operation;

  i. The duty to inspect the RTV brake system before each operation;

  j. The duty to ensure the proper brake fluid level/amount in each RTV prior to operation; and

  k. The duty to hire employees, or contract with an authorized POLARIS dealer, properly trained to conduct the required maintenance on the RTVs.

49. At all times relevant hereto, Primland was acting through its employees and/or agents.

50. Primland breached those duties and was negligent in at least the following respects:

  a. Primland did not operate the guided RTV Trail Rides with reasonable care and due regard for others;

  b. Primland did not operate the guided RTV Trail Rides in a safe manner;

  c. Primland did not properly maintain the RTV;

  d. Primland did not conduct regular maintenance on the RTV;

  e. Primland did not routinely inspect the brake fluid level/amount on the RTV;

  f. Primland did not routinely inspect the brake system on the RTV;

  g. Primland did not inspect the RTV brake fluid level/amount on RTV #279 prior to providing it to Dr. Pruthi on June 26, 2017;

  h. Primland did not inspect the RTV brake system on RTV #279 prior to

28581/1/8882324v1

    providing it to Dr. Pruthi on June 26, 2017;

  i. Primland did not ensure the proper brake fluid level/amount in on RTV #279 prior to providing it to Dr. Pruthi on June 26, 2017; and

  j. Upon information and belief, Primland did not hire employees, or contract with an authorized POLARIS dealer, properly trained to conduct the required maintenance on the RTVs.

51. As a direct and proximate cause of Primland's negligence, Dr. Pruthi has suffered and will continue to suffer serious and permanent injuries, emotional distress, stress, anxiety, pain and suffering, inconvenience, humiliation, embarrassment, lost income and lessening of earning capacity, and he has incurred and will continue to incur medical expenses in an effort to treat the injuries sustained in the collision.

52. Dr. Pruthi seeks to be fully and fairly compensated to the fullest extent permitted under Virginia law for his injuries and damages.

## COUNT TWO
### Negligence - Premises Liability
*Defendant Primland, Ltd.*

53. The preceding paragraphs are hereby incorporated as if fully set forth herein.

54. At all times relevant hereto, Primland owned the property on which the Hotel was located.

55. At all times relevant hereto, Primland operated the premises of the Hotel.

56. Dr. Pruthi visited the Hotel lawfully.

57. Dr. Pruthi visited the Hotel at the express invitation of Primland.

58. Dr. Pruthi was an invitee onto Primland's Hotel.

59. Dr. Pruthi had the right to assume that the Hotel was reasonably safe for his visit.

Page 7 of 11

28581/1/8882324v1
Case 4:19-cv-00030-JLK   Document 1   Filed 07/01/19   Page 7 of 11   Pageid#: 7

60. RTV #279 was in an unsafe condition, as set forth above.

61. RTV #279 was on the Hotel premises.

62. This unsafe condition arose after the May 18, 2017 inspection and prior to June 26, 2017, when Primland provided RTV #279 to Dr. Pruthi.

63. Primland knew or, through the use of ordinary care, should have known of that unsafe condition.

64. At all times relevant hereto, Primland owed Dr. Pruthi numerous duties, including but not limited to:

    a. The duty to use ordinary care to have the Hotel in a reasonably safe condition for Dr. Pruthi's use;

    b. The duty to use ordinary care to have the RTV in a reasonably safe condition for Dr. Pruthi's use; and

    c. The duty to use ordinary care to warn Dr. Pruthi of any unsafe condition about which Primland knew, or by the use of ordinary care, should know.

65. At all times relevant hereto, Primland was acting through its employees and/or agents.

66. Primland breached those duties and was negligent in at least the following respects:

    a. Primland did not use ordinary care to have the Hotel in a reasonably safe condition for Dr. Pruthi's use;

    b. Primland did not use ordinary care to have the RTV in a reasonably safe condition for Dr. Pruthi's use; and

    c. Primland failed to warn Dr. Pruthi of the unsafe condition of which it knew, or by the use of ordinary care, should have known.

28581/1/8882324v1

67. As a direct and proximate cause of Primland's negligence, Dr. Pruthi has suffered and will continue to suffer serious and permanent injuries, emotional distress, stress, anxiety, pain and suffering, inconvenience, humiliation, embarrassment, lost income and lessening of earning capacity, and he has incurred and will continue to incur medical expenses in an effort to treat the injuries sustained in the collision.

68. Dr. Pruthi seeks to be fully and fairly compensated to the fullest extent permitted under Virginia law for his injuries and damages.

## COUNT THREE
**Negligence - Innkeeper Liability**
*Defendants Primland, Ltd.*

69. The preceding paragraphs are hereby incorporated as if fully set forth herein.

70. Primland held out the Hotel as a public place that provides, for compensation, accommodations, lodging, and entertainment.

71. Primland operated an inn at the Hotel.

72. Primland was an innkeeper.

73. Dr. Pruthi was Primland's guest.

74. Dr. Pruthi was entitled to generally assume that he was safe at the Hotel.

75. Primland had direct control over the Hotel.

76. Primland had continued control over the Hotel.

77. Primland maintained a continued presence on the Hotel through its employees and/or agents.

78. Primland maintained a continued presence on the RTV Trail Ride through its employees and/or agents.

79. Primland owed Dr. Pruthi numerous elevated duties of care, including, but not limited to:

   a. The duty to take reasonable precautions to protects its guests;

   b. The absolute duty to protect its guests when it knows or should know of a danger that might easily be removed; and

   c. The duty of utmost care an diligence to protect its guests against reasonably foreseeable injury.

80. Primland breached those elevated duties in at least the following respects:

   a. Primland did not take reasonable precautions to protect Dr. Pruthi, as set forth herein;

   b. Primland did not protect Dr. Pruthi when it knew, should have known, that RTV #279 was a danger that was easily removed; and

   c. Primland did not employ the utmost care and diligence to protect Dr. Pruthi, as set forth herein.

81. As a direct and proximate cause of Primland's breach of these elevated duties of care, Dr. Pruthi has suffered and will continue to suffer serious and permanent injuries, emotional distress, stress, anxiety, pain and suffering, inconvenience, humiliation, embarrassment, lost income and lessening of earning capacity, and he has incurred and will continue to incur medical expenses in an effort to treat the injuries sustained in the collision.

82. Dr. Pruthi seeks to be fully and fairly compensated to the fullest extent permitted under Virginia law for his injuries and damages.

WHEREFORE, Plaintiff Raj S. Pruthi, M.D. moves this Court for judgment against Defendant in the amount of ONE MILLION DOLLARS ($1,000,000), plus taxable costs, with

28581/1/8882324v1

interest from June 26, 2017.

## **PLAINTIFF REQUESTS A JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 1st day of July, 2019.

RAJ S. PRUTHI, M.D.

/s/ Andrew M. Bowman

Matthew Broughton (VSB No. 25226)
Andrew M. Bowman (VSB No. 86754)
GENTRY LOCKE
900 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia 24022
(540) 983-9300;
Fax: (540) 983-9400
broughton@gentrylocke.com
bowman@gentrylocke.com

*Counsel for the Plaintiff*